## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE JAMES POWELL, | ) | |
| AIS # 00151747, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-00064-CG-N |
| | ) | |
| WANDA LIGHTNER, Warden, | ) | |
| Mobile Community Based Facility/ | ) | |
| Community Work Center, | ) | |
|     Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Willie James Powell ("Powell"), an Alabama prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). The Respondent timely filed an Answer (Doc. 14) to the petition, to which Powell has filed replies (Docs. 17, 21). Under SD ALA Local Rule 72.2(c)(4), this matter has been referred to the undersigned Magistrate Judge for entry of a recommendation as to the appropriate disposition, in accordance with 28 U.S.C. § 636(b)(1)(B)-(C) and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon consideration, and for the reasons stated herein, it is **RECOMMENDED** that Powell's habeas petition (Doc. 1) be **DISMISSED without prejudice** for failure to exhaust his state court remedies. Should this recommendation be adopted, it is further **RECOMMENDED** that Powell be found not entitled either to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.

## I.    <u>Background</u>

Powell's petition represents that, in the Circuit Court of Dallas County, Alabama, he was convicted of robbery first degree, for which he was sentenced on

November 3, 1988 (Case No. 87-262), and of possession of a controlled substance, for which he was sentenced on May 1, 1989 (Case No. 89-43T).  (Doc. 1 at 2, 12).  He received a sentence of 23 years imprisonment for the robbery conviction and 5 years for the possession conviction.  (*Id.*).  Powell did not directly appeal from his convictions and sentences, nor did he initially file any petition for post-conviction relief in state court. (*Id.* at 3).

Powell filed the instant habeas petition on February 13, 2014 (the date he declares, under penalty of perjury, that he delivered the petition to prison authorities for mailing (*id.* at 13)).[1]   Powell does not challenge his convictions or resulting sentences.  Rather, his sole claim is that he is being illegally held by the Alabama authorities beyond the term of imprisonment to which he was sentenced by the Circuit Court of Dallas County because the Alabama Department of Corrections ("ADOC") has failed to account for his jail credit and "good time" credit, which should have reduced his time of imprisonment from 28 years total to 24 years and 10 months.[2]  (*See* Doc. 1 at 12).

Powell claims that he "was arrested in Dallas County, Alabama, on October 8, 1987[,]" and was held "without making Bail" prior to being sentenced.  (*Id.*).  At the time his habeas petition was filed, he claimed to have served "a total prison sentence of 26 yrs and 4 month" and that he was due "Jail Credit of (1 yr./3 month/25 Days) and

---

[1] A *pro se* prisoner's federal habeas petition is deemed filed on the date it was delivered to prison authorities for mailing.  *See, e.g. Mattern v. Sec'y for Dep't of Corr.*, 494 F.3d 1282, 1284 n.2 (11th Cir. 2007) (per curiam); Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

[2] ADOC's online prisoner locator (http://www.doc.state.al.us/InmateSearch.aspx (last visited April 10, 2015)) indicates that Powell's current release date is June 3, 2015.

D.O.C. Good Time Credit of (21 month) on The May 1, 1989[] Five (5) yr. sentence."
(*Id.*).  He claims his release date should have been "January 2012" and, therefore, he
had "been held illegally (2 yrs/6 months over [his] actual release date" at the time of the
petition's filing.  (*Id.*).  Powell claims he did not discover this "error" "until May 30,
2013[,]" and that he has contacted the warden of the Mobile County Metro Jail, the
Alabama Prison Commissioner, the Alabama Governor's office, and ADOC's central
record office about this matter, all to no avail.  (*Id.*).  He asserts that he is being "held
in involuntary servitude" and that his due process is being denied.  (*Id.*).[3]

## II.  <u>Analysis</u>

### A.    **Failure to Exhaust**

"[A] habeas petition filed by a state prisoner in custody pursuant to the judgment
of a state court is subject both to [28 U.S.C ]§ 2241 and to [28 U.S.C ]§ 2254, with its
attendant restrictions."  *Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004) (citing
*Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003)).  One such restriction is found at
28 U.S.C. § 2254(b)(1)(A), which provides:  "An application for a writ of habeas corpus
on behalf of a person in custody pursuant to the judgment of a State court shall not be
granted unless it appears that the applicant has exhausted the remedies available in
the courts of the State."  *Accord Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1342
(11th Cir. 2007) (per curiam) ("The habeas statute requires applicants to exhaust all
available state law remedies. 28 U.S.C. § 2254(b)(1)(A).").  "An applicant shall not be
deemed to have exhausted the remedies available in the courts of the State, within the

---

[3] The undersigned abides by the directive that "courts should construe a habeas petition
filed pro se more liberally than one drawn up by an attorney."  *E.g.*, *Gunn v. Newsome*, 881
F.2d 949, 961 (11th Cir. 1989).

meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The Respondent, invoking this requirement, has moved to dismiss Powell's habeas petition for failure to exhaust his state court remedies. (*See* Doc. 14). Specifically, the Respondent has reported that, on April 11, 2014 (after his present petition was filed), Powell filed a petition for post-conviction relief under Alabama Rule of Criminal Procedure 32 with the Dallas County Circuit Court. (Doc. 14-1). Rule 32 permits an Alabama prisoner to petition for relief, among other things, on the ground that "[t]he petitioner is being held in custody after the petitioner's sentence has expired." Ala. R. Crim. P. 32.1(d).

The Respondent's Answer was filed on June 9, 2014. A review of the docket of Powell's Dallas County criminal actions conducted on April 15, 2015, through AlaCourt.com indicates that the circuit court denied Powell's Rule 32 petition by order dated August 20, 2014 (attached hereto as "Exhibit A"), and that the Alabama Court of Criminal Appeals affirmed on January 30, 2015, issuing a Certificate of Judgment on February 18, 2015 (attached hereto as "Exhibit B"). (*See* Doc. 20). A copy of the Court of Criminal Appeals's opinion affirming the circuit court, however, could not be located on the docket. Thus, the undersigned is unaware of the basis or bases on which the Court of Criminal Appeals affirmed. Moreover, it is unclear from the record whether Powell has sought, or will seek, further review with the Alabama Supreme Court.

Nevertheless, the undersigned concludes that Powell has failed to exhaust his claims because he has not pursued all available procedures under Alabama law –

specifically, he has not sought habeas corpus relief in state court.  *See* Ala. Code § 15-21-1, *et seq.*[4]

> Alabama courts have long held:
>
> A petition for a writ of habeas corpus is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison. *Swicegood v. State,* 646 So. 2d 158 (Ala. Cr. App. 1993). Section 15-18-5, Ala. Code 1975, requires that a convicted person be "credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections."

*Graves v. State*, 710 So. 2d 535, 536 (Ala. Crim. App. 1997).  *Accord, e.g.*, *Wilson v. State*, 981 So. 2d 441, 442-43 (Ala. Crim. App. 2007); *Sundberg v. Thomas*, 13 So. 3d 43, 44 (Ala. Crim. App. 2009); *Hillard v. Ala. Dep't of Corr.*, 93 So. 3d 983, 984 (Ala. Crim. App. 2011) ("A petition for a writ of habeas corpus is the proper method by which to test whether DOC has correctly calculated the time an inmate must serve in prison. *See Breach v. State,* 687 So.2d 1257 (Ala. Crim. App. 1996); *Swicegood v. State,* 646 So. 2d 158 (Ala. Crim. App. 1993)."); *Carroll v. Ala. Dep't of Corr.*, No. CR-12-1640, 2014 WL 4957723, at *2 (Ala. Crim. App. Oct. 3, 2014) (same as *Hillard*).  *See also Ex parte Collier*, 64 So. 3d 1045, 1046-49 (Ala. 2010) (holding that the Court of Criminal Appeals properly treated a prisoner's motion as a petition for a writ of habeas corpus to challenge pretrial-incarceration credit); *Hall v. Wheeler-White*, Civil Action No. 09-

---

[4] "Any person who is imprisoned or restrained of his liberty in the State of Alabama on any criminal charge or accusation or under any other pretense whatever, except persons committed or detained by virtue of process issued by a court of the United States or by a judge thereof in cases of which such courts have exclusive jurisdiction under the laws of the United States or have acquired exclusive jurisdiction by the commencement of actions in such courts, may prosecute a writ of habeas corpus according to the provisions of this chapter to inquire into the cause of such imprisonment or restraint."  Ala. Code § 15-21-1.

0491-CG-C, 2009 WL 3062008 (S.D. Ala. Sept. 18, 2009) (dismissing Alabama prisoner's federal habeas claim that she had been unlawfully denied jail credit to allow her the opportunity to exhaust her state remedies though a petition for a writ of habeas corpus).[5]

A state petition for a writ of habeas corpus is appropriate to address to claimed deprivations of both jail credit, *see, e.g.*, *Wilson*, 981 So. 2d at 442-44; *Smith v. State*, 504 So. 2d 1224, 1225 (Ala. Crim. App. 1987), and "good time" credit. *See McConico v. Ala. Dep't of Corr.*, 893 So. 2d 577, 579 (Ala. Crim. App. 2004) ("In 1980,…the Alabama Supreme Court held that a petition for writ of habeas corpus was the proper method by which an inmate could challenge a disciplinary hearing depriving him or her of good time credit even if the inmate would not be entitled to immediate release upon restoration of the good time. *Williams v. Davis*, 386 So.2d 415 (Ala. 1980). Following the Alabama Supreme Court's decision in *Williams v. Davis,* this Court gradually recognized the use of a petition for a writ of habeas corpus by an inmate to challenge DOC decisions involving not only the loss of good-time credit, but as a method by which the inmate could determine whether DOC had correctly calculated the amount of time he was required to serve, *see, e.g.*, *Swicegood v. State,* 646 So. 2d 158 (Ala. Crim. App. 1993)…"), *overruled on other grounds*, *Collins v. Ala. Dep't of Corr.*, 982 So. 2d 1078 (Ala. 2007).[6]

---

[5] The Dallas County circuit court's August 20, 2014 order denying Powell's Rule 32 petition was based, *inter alia*, on the finding that Rule 32 was the inappropriate vehicle for the relief sought, noting that "the proper vehicle for the Petitioner's complaint is a habeas petition filed in the county where he is being held."

[6] To the extent Powell claims that he has been unlawfully deprived of the right to earn "good time" credit, Alabama provides that such decisions may be challenged through a (Continued)

While Powell emphatically represents that he has petitioned all manner of Alabama officials with regard to the amount of credit he is due, he does not claim that he has petitioned for habeas corpus review in state court. "Although the exhaustion requirement is not jurisdictional, there is a 'strong presumption in favor of requiring the prisoner to pursue his available state remedies.' " *Mauk v. Lanier*, 484 F.3d 1352, 1357 (11th Cir. 2007) (quoting *Castille v. Peoples,* 489 U.S. 346, 349 (1989) (quotation marks and citation omitted)). Because Powell has not exhausted the claims presented in this action,[7] the undersigned **RECOMMENDS** that his habeas petition (Doc. 1) be **DISMISSED without prejudice**. *See Jimenez*, 481 F.3d at 1343-44 (explaining that

---

different mechanism, a petition the circuit court for a writ of certiorari. *See McConico*, 893 So. 2d at 579-80 ("[I]n *Ex parte Boykins,* 862 So. 2d 587 (Ala. 2002), the Alabama Supreme Court…h[eld] that an inmate's challenge to an administrative rule addressing his right to earn incentive good time was not cognizable by petition for a writ of habeas corpus. That court held that because Boykins had no due-process liberty interest in DOC's ruling on his request to qualify for incentive good time, the circuit court and this Court had incorrectly treated Boykins's petition as one for a writ of habeas corpus. The Supreme Court noted that because Boykins was appealing the decision of an administrative agency, i.e., DOC, made pursuant to that agency's rules and regulations, he was required to petition the circuit court for a writ of certiorari because the Alabama Administrative Procedure Act did not provide for any other appeal mechanism for inmates. 862 So. 2d at 593. Accordingly, the Supreme Court reversed this Court's judgment and remanded Boykins's case to this Court with directions that this Court 'reverse the judgment of the trial court and remand the cause for the trial court to review Boykins's petition for a writ of certiorari reviewing the DOC's denial of his request to be allowed to earn IGT [incentive good time].' 862 So. 2d at 594." (footnote omitted)).

[7] The exhaustion requirement may be excused where "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). As has been explained, Powell still has available state court corrective processes, and the undersigned finds no reason to believe this process is ineffective to protect Powell's rights. Indeed, at this point, resort to the Alabama state courts would be more effective on this issue, given that Powell is due to be released soon, *see* n.2, *supra*, and given that Alabama "courts are certainly more well-versed than is this Court in determining, under Alabama law, the amount of jail credit a petitioner is entitled to receive…" *Hall*, 2009 WL 3062008, at *3.

the district court should dismiss the § 2254 petition without prejudice to allow the petitioner to return to state court and exhaust his claims); *Mauk v. Lanier*, 484 F.3d at 1358 (same).

## B.    Certificate of Appealability

In actions such as this one, brought under § 2254, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing § 2254 Cases in the United States District Courts. "A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)).   However, "a COA does not require a showing that the appeal will succeed." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Where, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling…Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also Miller-El,* 537 U.S. at 336 ("Under the controlling standard, a petitioner must show that

reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)).).  "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotations omitted).

Upon consideration, and assuming that the Court adopts the recommendation that Powell's petition be dismissed without prejudice, the undersigned **RECOMMENDS** that a certificate of appealability in this action be **DENIED**, as the undersigned finds, at minimum, "that jurists of reason would [not ]find it debatable whether [this Court] was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.  *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011)[8]; *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).

---

[8] It should be noted that in that proceeding, the Eleventh Circuit (Judge Hull) also denied the petitioner's motion for certificate of appealability on October 11, 2011.  (*See* Doc. 14 in CA-11-0165-WS-C.)

## C.    <u>Appeal *In Forma Pauperis*</u>

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). *See also Weaver v. Patterson*, Civ. A. No. 11-00152-WS-N, 2012 WL 2568218, at *7 (S.D. Ala. June 19, 2012) (Nelson, M.J.), *report and recommendation adopted*, Civ. A. No. 11-00152-WS-N, 2012 WL 2568093 (S.D. Ala. July 3, 2012) (Steele, C.J.) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed. R. App. P. 24(a)(3)(A); <u>Lee v. Clinton</u>, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that 'good faith' is 'an objective concept' and that 'not taken in good faith' is 'a synonym for frivolous'); *DeSantis v. United Techs, Corp.*, 15 F. Supp. 2d 1285, 1288–89 (M.D. Fla. 1998) (stating that good faith 'must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous'). An appeal filed *in forma pauperis* is frivolous if 'it appears that the Plaintiff has little to no chance of success,' meaning that the 'factual allegations are clearly baseless or that the legal theories are indisputably meritless.' *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir.

1993).”).  *But see, e.g.*, *United States v. McCray*, No. 4:07CR20-RH, 2012 WL 1155471, at *2 (N.D. Fla. Apr. 5, 2012) (“Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith.  I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal.”).

In light of the above-stated reasoning, and assuming that the Court adopts the recommendation that Powell’s petition be dismissed without prejudice, the undersigned **RECOMMENDS** the Court certify that any appeal by Powell in this action would be without merit and therefore not taken in good faith and, accordingly, find that Powell is not entitled to appeal *in forma pauperis*.

### III.    Conclusion

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Powell’s habeas petition (Doc. 1) be **DISMISSED without prejudice** for failure to exhaust his state court remedies.  Should this recommendation be adopted, the undersigned further **RECOMMENDS** that Powell be found not entitled either to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.

### IV.    Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4.  In order to be specific, an objection must identify the

specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 20th day of April 2015.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**